IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERIE WHITE, | |
| Plaintiff, | Civil Action File No. |
| vs. | Jury Trial Demanded |
| THE ONE GROUP, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Cherie White ("White") brings this Complaint against Defendant The One Group, LLC ("The One Group") and shows the Court as follows:

## 1. INTRODUCTION

1.

White brings this action because The One Group failed to pay her an overtime premium for her work as a medical care giver after January 1, 2015, the effective date of the amended 29 C.F.R. 552.109.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because The One Group is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

White resides in Fulton County, Georgia.

5.

At all times material hereto, White has been an "employee" of The One Group as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

The One Group is a limited liability company organized under the laws of the State of Georgia.

7.

The one Group is a for-profit organization.

8.

At all times material hereto, The One Group was an "employer" of White as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

The One Group is subject to the personal jurisdiction of this Court.

10.

The One Group may be served with process through its registered agent Cohen Pollock Merlin & Small, P.C., 3350 Riverwood Pkwy, Suite 1600, Atlanta, Georgia 30339.

A.   **Enterprise Coverage:**

11.

At all times material hereto, The One Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2015, The One Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2015, The One Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During the relevant time period, two or more employees of The One Group, including Plaintiff, used or handled the following items that moved in interstate commerce that are necessary for performing The One Group's commercial purpose: office machines, furniture, cell phones, automobiles, gasoline, automobile oil, paper, computers, medication, medical devices, cleaning equipment, and laundry detergent.

15.

During 2015, The One Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, The One Group had (or is expected to have) an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, The One Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### B. Amendments to 29 C.F.R. 552.109

18.

The One Group provides companionship services within the meaning of Section 13(a)(15) of the FLSA

19.

The One Group provides companionship services within the meaning of 29 C.F.R. 552.6.

20.

In 2013, the Wage and Hour Division of the U.S. Department of Labor adopted amendments to 29 C.F.R. 552.109. See *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015)

21.

The newly amended 29 C.F.R. 552.109 (a) states in relevant part, "Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act . . . ."

22.

Pursuant to notice published in 78 FR 60454, 60557 on or about October 1, 2013, revised paragraph (a) of 29 C.F.R. 552.109 was effective January 1, 2015.

23.

At all times material hereto, The One Group was a third party employer of White within the meaning of 29 C.F.R. 552.109.

24.

At all times material after January 1, 2015, The One Group could not legally avail itself of the minimum wage and overtime exemptions provided by section 13(a)(15) of the Act.

C. **Factual Allegations**

25.

The One Group has employed White as caregiver in and around Atlanta, Georgia from February 15, 2015 through the present date.

26.

White does not hold any relevant state license or nursing certification in the State of Georgia.

27.

The One Group assigned White to care for first one client and then, at a later time, assigned White to care for two clients during each work week.

28.

In her role as an employee of The One Group, White assisted the company's clients with activities of daily living

29.

In her role as an employee of The One Group, White assisted the company's clients with dressing, grooming, feeding, bathing, taking medication as well as other activities of daily living.

30.

In her role as an employee of The One Group, White assisted the company's clients with light housework as well as grocery shopping, laundering and transporting clients to and from appointments.

31.

The One Group was paid for White's services by their clients or their client's representatives.

32.

At all times material hereto, The One Group compensated White on an hourly basis.

33.

At all times material hereto, The One Group did not employ White in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

34.

At all times material hereto, The One Group did not employ White in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, The One Group did not employ White in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

36.

White regularly worked more than forty hours in a given workweek.

37.

At all times material hereto, White was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

38.

The One Group failed to pay White an overtime premium for each hour she worked in excess of 40 hours during each work week for most of her employment.

39.

At some point during her employment, White was assigned two clients.

40.

After that time, White regularly worked for both clients on Saturdays and Sundays during each work week.

41.

White generally drove from one client to the other on weekend days but was not paid at all for that drive time.

42.

This weekend drive time was approximately 40 minutes each weekend day she serviced two clients.

43.

White should generally have been compensated for this weekend drive time at an overtime rate.

44.

In addition, The One Group willfully failed to pay White for 1 hour and 17 minutes of work on or about November 14, 2015.

45.

In addition, The One Group willfully failed to pay White for one hour of work on or about December 1, 2015.

## COUNT I - FAILURE TO PAY OVERTIME

46.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

47.

At all times material hereto, White has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

48.

During her employment with The One Group, White regularly worked in excess of forty (40) hours each week.

49.

The One Group failed to pay White at one and one half times her regular rate for work in excess of forty (40) hours for most of her employment.

50.

The One Group willfully failed to pay White (or reimburse her after the fact) at one and one half times her regular rate for work in excess of forty (40) hours for most of her employment, even after the any legal challenges to the amended 29 CFR 552.109 were concluded.

51.

White is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of overtime compensation as alleged above, White is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/S/ MITCHELL D. BENJAMIN
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

COUNSEL FOR PLAINTIFF

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com